J-S65018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGELA L. DUPONT | : | |
| | : | |
| Appellant | : | No. 721 MDA 2019 |

Appeal from the Judgment of Sentence Entered, April 2, 2019,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s):  CP-36-CR-0002201-2018.

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

JUDGMENT ORDER BY KUNSELMAN, J.:        **FILED FEBRUARY 24, 2020**

Angela L. Dupont appeals from a judgment of sentence of one year of probation, after a jury convicted her of fleeing the scene of a car wreck.[1]  She claims the trial court erred by not suppressing a witness's identifications of her (both out-of-court and in-court), because the photo array from which the witness selected Ms. Dupont's picture violated her due process rights.  She argues her photo differed from the rest in size, color, and facial expression. The common pleas court found no constitutional violation.

Briefly, the officer investigating this hit-and-run case responded to a traffic stop two months later.  Ms. Dupont was the driver and owner of the stopped car.  Her vehicle matched the description of the one that had fled the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3743(a).  The Commonwealth also charged Ms. Dupont with two summary offenses.

hit-and-run scene. It also had body damage in places consistent with the hit-and-run witness's version of events.

Using Ms. Dupont's license picture, the officer assembled a photo array and presented the photos to the witness. He identified Ms. Dupont as the person who had hit him.

At the suppression hearing, the Commonwealth introduced the photo array as its primary evidence, and those photos proved instrumental in the trial court's denial of suppression. **See** Trial Court Opinion, 2/1/19, at 3, 7-8. The court found the array was not suggestive and the witness's indications of Ms. Dupont (both out-of-court and in-court) were sufficiently reliable to be admitted as evidence at the jury trial. **See id.**

Because our standard of review on whether police conducted an unduly suggestive photo array is *de novo* under both constitutions,[2] and because the only evidence relevant to that inquiry is the photo array itself, that exhibit is critical to our review. This appeal hinges on Ms. Dupton's appearance within the array by comparison to the other photos. However, she omitted the photo array from the certified record.

To ensure there was no breakdown in the Unified Judicial System, the Prothonotary of this Court contacted the trial court. That court does not have the photo array. Moreover, the Clerk of Courts of Lancaster County contacted both sides' attorneys; they do not have it, either.

---

[2] **See, e.g., Commonwealth v. Kearney**, 92 A.3d 51, 65 (Pa.Super. 2014); **United States v. Burnett**, 773 F.3d 122, 130 (3rd Cir. 2014).

This Court does not assist appellants in perfecting the appellate record. An appellant's failure to transmit all of the record, ***including the relevant exhibits***, results in affirmation. ***See Commonwealth v. Preston***, 904 A.2d 1 (Pa.Super. 2006) (*en banc*).

Ms. Dupont violated ***Preston*** and the Rules of Appellate Procedures by not filing the complete record, as developed below, in this Court. Thus, she has made it impossible for us to conduct a *de novo* review of the suppression court's legal conclusion that the photo array comported with the state and federal constitutions.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/24/2020